UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    *FILED*

*Feb 10   AM '04*

*U.S. DISTRICT COURT*
*NEW HAVEN COURT*

HENDERSON

V.

GREENWICH

3:03 CV 665 (MRK)

*Feb 9, 2004*

## STATUS REPORT

### A.    Nature of the Case

1. Plaintiff, TERRENCE HENDERSON, on or about December 20, 2001 at approximately 6:20 p.m. on Greenwich Avenue, Greenwich, Connecticut was illegally stopped due to the ethnicity of his race in conformance with a custom policy or practice of the Defendant, THE GREENWICH POLICE DEPARTMENT, it's agents, servants or employees.  Defendant, THE GREENWICH POLICE DEPARTMENT, it's agents, servants or employees, did not possess specific facts that a crime had been, was being or was about to be committed.  THE GREENWICH POLICE DEPARTMENT, it's agents, servants or employees, unnecessary and oppressive behavior subjected Plaintiff, TERRENCE HENDERSON, to ten (10) months of unlawful prosecution based on a egregious 911 complaint which resulted in the case being dismissed due to police misconduct.

2. Motion for appointment of counsel was granted on June 13, 2003. There is a conflict of interest between some lawyers and the Town of Greenwich.

3.  The court is having a difficult time finding appropriate representation for me regarding these serious issues presented to the court. This matter may have to be tried by the courts.

**B.     Discovery**

1.  The defendant Town of Greenwich speaks of issues that are irrelevant. They claim that either the government "declined" to prosecute the charges or the charges were "dismissed" at some stage by the federal courts.

2.  They also claim they will be required to obtain a court order from the state court permitting access to all records relating to the arrest and prosecution including, but not limited to transcripts, for purposes of this action. I provided the Town of Greenwich counsel with the decision dismissing my case in federal court. There was never an appeal filed, which proves that all actions are final and discovery is complete.

**C.     Appointment of Counsel**

1.  My motion for summary judgement was denied without prejudice. I was granted appointment of counsel on June 13, 2003, which is yet to happen. Due to conflicting interests, there has been no appearance of counsel to date. The Town of Greenwich asserts that the case will be ready for trial by February 2005. Judge Squatrito rules that all deadlines are stayed for 90 days or until counsel files an appearance for the plaintiff. This ruling defies the integrity of the

court, since the court is not allowing me fair opportunity to resolve these factual issues in a reasonable timeframe.

### Rule 56. Summary Judgement

A party may move for summary judgement when that party believes there is no genuine issue of material fact requiring trial and the party is entitled to judgement as a matter of the law.  The motion may be directed toward all or part of a claim or defense and it may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits and other materials outside the pleadings.

Mr. Terrence Henderson, Pro Se
83 Woodmont Avenue
Bridgeport, CT 06606

Terrence Henderson, Pro Se

Date: _2/9/04_

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed on the above-captioned

date to all counsel and pro se parties of record:

Valerie E. Maze, Esq.
Attorneys for Defendant
TOWN OF GREENWICH POLICE DEFENDANT
Greenwich Town Attorney's Office
Town Hall, P.O. Box 2540
Greenwich, CT 06836-2540

Terence Henderson
TERENCE HENDERSON, Pro Se
2/9/04

7