UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRENCE HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:03cv665 (MRK) |
| | : | |
| THE TOWN OF GREENWICH POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Presently pending before the Court in the above-captioned case are *pro se* Plaintiff Terrence Henderson's Motion for Summary Judgment [doc. #15] and Defendant Town of Greenwich Police Department's Motion for Disclosure of Erased Criminal Records [doc. #17]. For the reasons set forth below, the Motion for Summary Judgment [doc. #15] is DENIED without prejudice to renewal and the Motion for Disclosure of Erased Criminal Records [doc. #17] is GRANTED.

On May 29, 2003, Mr. Henderson filed a Motion for Summary Judgment [doc. #8], and on June 4, 2003, the Court denied without prejudice Mr. Henderson's Motion for Summary Judgment [doc. #8]. On February 10, 2004, Mr. Henderson renewed his Motion for Summary Judgment [doc. #15]. Defendant filed an Objection to Motion For Summary Judgment [doc. #18] on February 12, 2004 arguing that a scheduling order has yet to be issued, that Mr. Henderson is still seeking appointment of counsel, and that Defendant requires the documents requested in its Motion for Disclosure of Erased Records [doc. #17] to respond to Mr.

Henderson's motion. The Court agrees with Defendant, and hereby DENIES Mr. Henderson's Motion for Summary Judgment [doc. #15] as premature, without prejudice to renewal at the close of discovery. *See Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("[S]ummary judgment should only be granted '[i]f *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.") (citations omitted) (emphasis in original). "The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Id.* (citation omitted).

As to Defendant's Motion for Disclosure of Erased Criminal Records [doc. #17] filed pursuant to Conn. Gen. Stat. § 54-142a(f), which is unopposed by Mr. Henderson, the Court will grant Defendant's request.

For the foregoing reasons, the Motion for Summary Judgment [doc. #15] is DENIED without prejudice. The Motion for Disclosure of Erased Criminal Records [doc. #17] is GRANTED.

This case has been in relative stasis since its inception on April 14, 2003 because counsel has yet to be appointed to Mr. Henderson in accordance with the Court's June 12, 2003 granting of Mr. Henderson's Motion for Appointment of Counsel [doc. #9]. The Court intends to explore the appointing of suitable legal counsel for Mr. Henderson. Upon appointment of counsel the parties will be expected to expeditiously move forward with proceedings in this matter.

IT IS SO ORDERED.

/s/  Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: May 26, 2004.