UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JAN -4  A 9: 31
U.S. DISTRICT COURT
NEW HAVEN, CT

HENDERSON

V.                                                          3:03 CV 665 (MRK)

GREENWICH

JAN 3, 2005

## STATUS REPORT

**A.    Nature of the Case**

1. Plaintiff, TERRENCE HENDERSON, on or about December 20, 2001 at approximately 6:20 p.m. on Greenwich Avenue, Greenwich, Connecticut was illegally stopped due to the ethnicity of his race in conformance with a custom policy or practice of the Defendant, THE GREENWICH POLICE DEPARTMENT, it's agents, servants or employees. Defendant, the GREENWICH POLICE DEPARTMENT, it's agents, servants or employees, did not possess specific facts that a crime had been, was being or was about to be committed. THE GREENWICH POLICE DEPARTMENT, it's agents, servants or employees, unnecessary and oppressive behavior subjected Plaintiff, TERRENCE HENDERSON, to ten (10) months of unlawful prosecution based on a egregious 911 complaint which resulted in the case being dismissed due to police misconduct.

2. Motion for appointment of counsel was granted on June 13, 2003. There is a conflict of interest between some lawyers and the Town of Greenwich.

3. The court is having a difficult time finding appropriate representation for me regarding these serious issues presented to the court.

4. The Appeals Court is unable to make a ruling on my case because there is no final decision rendered. I am proceeding Pro Se and I'm not interested in appointment of counsel my lawsuit is based on the final decision rendered in Federal Court Case No. 3:02CR29 (SRU). These mysterious erased records is not what my claim is based on. I'm dealing with the fact's that were presented to the courts. In the case Greenwich V. Henderson, I am not entitled to provide records that I have no possession of. I can only present evidence that can and will prove my case beyond reasonable doubt. An action especially under the Civil Rights Act should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts which could be proved in support of their claims. If I can't prove any claims asserted, then it would be in the best interest of the courts to dispose of my lawsuit in it's entirety based on the law and facts. So the appeals court can render a decision. Relative status is serving no purpose.

**B.    Discovery**

1. The defendant Town of Greenwich speaks of issues that are irrelevant. They claim that either the government "declined" to prosecute the charges or the charges were "dismissed" at some stage by the federal courts.

2. They also claim they will be required to obtain a court order form the state court permitting access to all records relating to the arrest and prosecution including, but not limited to transcripts, for purposes of this action. I provided the Town of Greenwich counsel with the

decision dismissing my case in federal court. There was never an appeal filed, which proves that all actions are final and discovery is complete.

### C.    Appointment of Counsel

1. My motion for summary judgement was denied without prejudice. I was granted appointment of counsel on June 13, 2003. The Town of Greenwich asserts that the case will be ready for trial by February, 2005. Judge Squatrito rules that all deadlines are stayed for 90 days or until counsel files and appearance for the plaintiff. The plaintiff, TERRENCE HENDERSON, is not interested in appointment of counsel and wishes to proceed with this matter Pro Se.

### Rule 56 Summary Judgement

### MEMORANDUM OF LAW

Counsel and Pro se Parties are further notified that they are required to comply with requirements relating to Motions For Summary Judgment as set forth in FED. R. CIV. P .56 and D.CONN. L. GIV. R. 56. A party may move for Summary Judgment when that party believes there is no genuine issue of material fact requiring trial and the party is entitled to judgment as a matter of law. The Motion may be directed toward all or part of a claim or defense and it may be supported by Affidavits and other material outside the pleadings.

When a party seeking summary judgment (The "Moving Party") files a supporting Affidavit, the party opposing Summary Judgment must file an Affidavit, or other Documentary Evidence, contradicting the moving party's submissions to Demonstrate that there are factual issues requiring a trial. Facts asserted in the Affidavit(s) of the moving party will be taken as

true if not controverted by Counter-Affidavits or other documentary evidence.

Local Civil Rule 56(a) requires the party seeking summary judgment to file a document entitled "Local Rule 56(a) 1 statement," which sets forth in separately numbered paragraphs a concise statement of each material face as to which the moving party contends there is no genuine issue to be tried. The material facts set forth in this statement shall be deemed admitted unless controverted by the "Local Rule 56(a)2 Statement" required to be served by the opposing party. The paragraphs in the 56(a)2 statement shall correspond to the paragraphs in the 56(a)1 Statement and shall state whether the facts asserted by the moving party are admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

Mr. Terrence Henderson, Pro Se
83 Woodmont Avenue
Bridgeport, CT 06606

                                                        *[signature]*
                                                        Terrence Henderson, Pro Se
                                                        Date: JAN 3, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TERRENCE HENDERSON,　　　　　　　　　　　CERTIFICATE OF
　　　　　　　　　　　　　　　　　　　　　　　SERVICE
　　　Plaintiff-Appellant,

v.

TOWN OF GREENWICH POLICE DEPARTMENT

　　　Defendant-Appellee.


I, TERRENCE HENDERSON hereby certify under penalty of perjury that on JAN 3, 2005, served by United States Mail or by personal service a copy of _____STATUS Report_____ on VALERIE E. MAZE, ESQ. at:

　　　　　　　　　　　　　　　Town of Greenwich - Town Hall Law Dept.
　　　　　　　　　　　　　　　101 Field Point Rd., P.O. Box 2540
　　　　　　　　　　　　　　　Greenwich, CT 06836

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Signature