UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
TERRENCE HENDERSON                     :      CIVIL ACTION NO:
                        Plaintiff,     :      303CV665 (DJS)
                                       :
vs.                                    :
                                       :
                                       :
THE TOWN OF GREENWICH                  :
POLICE DEPARTMENT                      :
                        Defendant      :
-----------------------------------------------------------X      May 2, 2003
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS**

The named defendant TOWN OF GREENWICH POLICE

DEPARTMENT moves to dismiss the action against it based on Rule 12(b)(6)

and Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## 1. SUMMARY OF COMPLAINT ALLEGATIONS

The plaintiff Terrence Henderson purports to sue the TOWN OF

GREENWICH POLICE DEPARTMENT pursuant to 42 U.S.C.§1983 as a result

of an alleged illegal stop and illegal search and seizure on December 20, 2001

resulting in alleged subsequent imprisonment, prosecution, setting of bail in the

sum of $100,000.00 without just cause, and alleged pain and suffering as a result

of said imprisonment.  The only defendant is the TOWN OF GREENWICH

POLICE DEPARTMENT.  Upon information and belief of the undersigned

counsel, the defendant TOWN OF GREENWICH POLICE DEPARTMENT has

not been served with a summons or complaint.  The plaintiff served the Town

Clerk for the Town of Greenwich with a summons and complaint.

## 2.  LEGAL STANDARDS ON A RULE 12(b)(6) MOTION

It is well-settled that, in reviewing a motion pursuant to Fed.R.Civ.P. 12(b)(6), the "district court . . . must accept as true all the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000).  "A district court may grant a motion to dismiss for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."  Id.  (quoting Conley v. Gibson, 355 U.S. 31, 45-46 (1957)). Notwithstanding the liberality afforded a plaintiff in interpreting the complaint, "bald assertions and conclusions of law will not suffice to state a claim."  Id. There is authority that the issue of whether a municipal governmental entity is a suable government entity pursuant to §1983 is properly considered on a motion to dismiss for failure to state a claim upon which relief may be granted.  Hee v. Everlof, 812 F. Supp. 1350 (D. Vt. 1993)

## 3.  LEGAL STANDARDS ON A RULE 12(b)(5) MOTION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Cole v. Aetna Life & Cas.,* 70 F.Supp.2d 106, 109 (D.Conn.1999).  'Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Id.* at 110 (citations omitted).'

Lyon v Jones,  168 F.Supp.2d 1, 4 (D.Conn.2001)

## 4.  ARGUMENT

### A.  THE DEFENDANT "GREENWICH POLICE DEPARTMENT" IS NOT A LEGAL ENTITY SUBJECT TO SUIT UNDER §1983

The plaintiff has named the TOWN OF GREENWICH POLICE DEPARTMENT as the sole defendant, claiming damages under 42 U.S.C. § 1983.  There is no authority for institution of such a suit against the defendant.

Under Rule 17(b) of the Federal Rules of Civil Procedure, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held…."  The District Courts have consistently held that (in the absence of state law to the contrary) a municipal police department does not have the capacity as a legal entity to be sued.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Cowras v. Hard Copy, 1997 U.S.Dist. LEXIS 23514, Case No. 3:95CV99 (AHN) (D.Conn. 1997), Hee v. Everlof, supra, 812 F. Supp. at 1351-52 (D. Vt. 1993); Maxwell v. Henry, 815 F. Supp. 213, 215 (S. D. Tex. 1993); Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1132-33 (N.D. Ga. 1990).  Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S. D. Fla. 1989); Boren v. City of Colorado Springs, 624 F. Supp. 474, 479 (D. Colo. 1985).

In the 1997 Cowras v. Hard Copy decision on the motion of the Wilton Police Department, the United States District Court, District of Connecticut at Bridgeport (copy attached), stated that it "is now well established that individual departments of a municipality are not subject to liability under §1983."  See Ruling on Motions for Summary Judgment, September 29, 1997, p. 24.  The court's decision to grant summary judgment was based on the premise that "[m]unicipal police departments are sub-units of the city government and are merely vehicles through which the city fulfills its policing functions" citing Williams v. Dayton Police Dept., 680 F. Supp. 1075, 1080 (S.D. Ohio 1987).

No Charter provision of the Town of Greenwich or legislative act of the

state of Connecticut provides that the Greenwich Police Department has an existence independent of the Town or has a separate corporate entity, or subjects the Greenwich Police Department to suit.  The plaintiff simply has no legal authority to sue the TOWN OF GREENWICH POLICE DEPARTMENT.

Since the defendant TOWN OF GREENWICH POLICE DEPARTMENT is not a party capable of being sued, the complaint fails to state a cognizable cause of action and/or the court lacks jurisdiction.  Therefore the complaint must be dismissed.

### 2.  LACK OF SERVICE OF PROCESS

Even if the defendant TOWN OF GREENWICH POLICE DEPARTMENT were an entity subject to suit, which is denied, it has not been served with process.  Rather, the plaintiff has served only the Town Clerk with a summons and complaint.  Therefore, even if the defendant could be sued, the court lacks *in personam* jurisdiction over the named defendant and the case must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Respectfully submitted,

DEFENDANT
TOWN OF GREENWICH POLICE
DEPARTMENT

By: _____
    Valerie E. Maze
    Federal Bar No. CT 14080
    Greenwich Town Attorney's Office
    Town Hall, P.O. Box 2540
    Greenwich, CT  06836-2540
    Tel.  (203) 622-7877
    Fax. (203) 622-3816

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed on the

above-captioned date to all counsel and pro se parties of record:

Mr. Terrence Henderson, Pro Se
83 Woodmont Avenue
Bridgeport, CT 06606


_____
Valerie E. Maze