UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 NOV -1  P 12:29
U.S. DISTRICT COURT
NEW HAVEN, CT

TERRENCE HENDERSON,           :      Case No. **3:03CV665 (MRK)**

    VS.                                         :

THE TOWN OF GREENWICH         :      NOVEMBER   , 2005


## WRIT OF MANDAMUS

(I)    THE RELIEF SOUGHT:

I request judgement be granted as a matter of law, with the damages to be determined by an impartial and unprejudiced jury. I requested Twenty Million dollars in compensation, and Twenty Million dollars in punitive damages.

(II)    THE ISSUES PRESENTED:

Summary Judgement Rule 56 Counsel and Pro Se Parties are further notified that they are required to comply with requirements relating to Motions For Summary Judgment as set forth in FED. R. CIV. P.56 and D.CONN. L. GIV. R. 56. A party may move for Summary Judgment when that party believes there is no genuine issue of material fact requiring trial and the party is entitled to judgment as a matter of law. The Motion may be directed toward all or part of a claim or defense and it may be made on the basis of the pleadings or other portions of the Record in the case or it may be supported by Affidavits and other material outside the pleadings.

When a party seeking Summary Judgment (The "Moving Party") files a supporting Affidavit, the party opposing Summary Judgment must file an Affidavit, or other Documentary Evidence, contradicting the moving party's submissions to Demonstrate that there are factual issues requiring a trial. Facts asserted in the Affidavit(s) of the moving party will be taken as true if not controverted by Counter-Affidavits or other documentary evidence.

Local Civil Rule 56(a) requires the party seeking summary judgment to file a document entitled "Local Rule 56(a)1 statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. The material facts set forth in this statement shall be deemed admitted unless controverted by the "Local Rule 56(a)2 Statement" required to be served by the opposing party. The paragraphs in the 56(a)2 statement shall correspond to the paragraphs in the 56(a)1 Statement and shall state whether the facts asserted by the moving party are admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

(III)   THE FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION:

I can only present evidence that can and will prove my case beyond a reasonable doubt. The TOWN OF GREENWICH never opposed my Motion For Summary Judgement. They never admitted or denied the fact's that were presented. Judge Kravitz denied my motion without prejudice. I appealed this decision to the Appellate Court and the Court ruled they had no jurisdiction over the case because there was no final decision rendered. If I can not prove any claims asserted, then it would be in the best interest of the Court to dispose of my lawsuit in it's

entirety. Relative Status is serving no purpose.

(IV)     THE REASONS WHY THE WRIT SHOULD ISSUE:

The Writ should issue because this matter could not be resolved at the Compensation Hearing. There is no other resolution. The matter has to be resolved through a Writ of Mandamus. I am not dealing with the principles of law, I am dealing with personal feeling's.

Mr. Terrence Henderson, Pro Se
5360 Broadway
Apt. 7C
Bronx, New York 10463
1 (646) 423-1450

Terrence Henderson, Pro Se

Date: 10/1/05

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed on the above-captioned date to all counsel and pro se parties of record:

Valerie E. Maze, Esq.  
Town of Greenwich  
101 Field Point Rd.  
P.O. Box 2540  
Greenwich, CT 06836-2540  

Raymond . Rigat, Esq.  
Gilbride & Rigat  
23 East Main Street  
Clinton, CT 06413  

_Terrence Henderson_  
Terrence Henderson  
10/1/05