**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------X
TERRENCE HENDERSON                     :     CIVIL ACTION NO:
         Plaintiff,                                 :     **303CV665 (MRK)**
                                                              :
vs.                                                         :
                                                              :
                                                              :
THE TOWN OF GREENWICH              :
         Defendant                                :
---------------------------------------------------------------X     March 31, 2006

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

In accordance with Federal Rule of Civil Procedure 56(b) and Local Rule of Civil Procedure 56, the defendant Town of Greenwich files this memorandum of law in support of its motion for summary judgment.

### I. LEGAL STANDARDS- MOTION FOR SUMMARY JUDGMENT

The requirements for granting summary judgment are well established. There must be "no genuine issue as to any material fact," and a party must be "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The burden is on the moving party "to demonstrate the absence of any material factual issue genuinely in dispute." Schwabenbauer v. Board of Education, 667 F.2d 305, 313 (2d Cir. 1981); Heyman v. Commerce & Industry Insurance Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). A material fact is one that might affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. Id.

In deciding the motion for summary judgment, it is the court's function upon

reviewing the pleadings, depositions, answers to interrogatories, affidavits and other evidence on file to determine whether a trial should occur. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.   Once the moving party makes the requisite showing the burden shifts to the opposing party to prove there is a genuine issue that remains in dispute.  Id. at 247-48.  The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Id. at 248.

## II.  THE DEFENDANT TOWN OF GREENWICH IS ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS

The plaintiff''s complaint asserts causes of action against the Town under 42 U.S.C. §1983.   To establish municipal liability under §1983, the plaintiff must establish (1) a violation of a federal right that is (2) attributable to enforcement of a municipal policy or practice.  Collins v. City of Harker Heights, 503 U.S. 115 (1992);  Monell v New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  "A municipality cannot be held liable solely because it employs a tortfeasor … a municipality cannot be held liable under §1983 on a respondeat superior theory".  Monell, 436 U.S. at 691. Thus, under Monell, assuming there is a deprivation of a right, a municipality sued under 42 U.S.C. §1983 cannot be held liable on the basis of mere employment of a constitutional tortfeasor based on the doctrine of respondeat superior;  rather, municipal liability must be based upon enforcement of a municipal policy or custom that caused the deprivation of a federal right.   See Schwartz, Section 1983 Litigation, Claims and Defenses, Fourth Edition, Volume 1A, §7.01 at 7-5.  Only where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance,

2

regulation or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy and which constitute the "moving force" behind the alleged deprivation may municipal liability be imposed under §1983. Kentucky v. Graham, 473 U.S. 159, 165-169, (1985); Monell, 436 U.S. 658, 694.  The "official policy" requirement was intended to distinguish between acts of a municipality and acts of employees in order to limit municipal liability to conduct for which the municipality is actually responsible.  Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985). See, also,  Pembaur v. Cincinnati, 475 U.S. at 483.

     The Amended Complaint dated October 24, 2005 alleges plaintiff was illegally stopped.  ¶1, First Cause of Action, Amended Complaint.   Plaintiff alleges he became a suspect because of his race.  ¶2, First Cause of Action Amended Complaint.   Plaintiff alleges a citizen's bias suspicions was accepted [sic] without any independent evaluation and that the defendant failed to corroborate any violation of the law.  ¶¶3-4, Amended Complaint, First Cause of Action.  Plaintiff further alleges that he was detained, required to present personal effects, subjected to a warrant/criminal background check, required to exit his automobile so that agents of the defendant "for some discriminative and inexplicable reason" could photograph and search him without just cause in violation of the law.  ¶5, Amended Complaint, First Cause of Action.   The Second Cause of Action repeats and alleges the allegations of the First Cause of Action

and further alleges plaintiff was searched, seized and photographed without just cause. ¶6, Amended Complaint, Second Cause of Action.   The Third Cause of Action repeats allegations and further alleges the defendant Town of Greenwich, its agents, servants or employees, "illegally stopped, arrested, imprisoned, prosecuted and set bail in the sum of $100,000.00 without just cause."  ¶7, Amended Complaint, Second Cause of Action. The Fourth Cause of Action repeats allegations and further alleges the Town of Greenwich, its agents, servants or employees caused plaintiff great pain and suffering by subjecting him to ten (10) months of prosecution without just cause.   ¶7, Amended Complaint, Fourth Cause of Action.   Thus, the plaintiff's complaint is based on this single incident on December 20, 2001.  The claims make no allegation concerning an unconstitutional municipal policy, custom or practice.   The only reference in the complaint to a custom, policy or practice is a passing reference in the paragraph "Nature of the Case" in connection with "unjustly singling out the plaintiff due to "the ethnicity of his race."

     Even assuming, for the purposes of argument, there was any constitutional deprivation,[1] summary judgment must enter in favor of the defendant Town of

---

[1] Plaintiff's complaint appears to be based exclusively upon the court's decision on a motion to suppress in the case of <u>United States of America vs. Terence Henderson</u>, No. 3:02CR-29(SRU). Plaintiff apparently believes, erroneously, that because the motion to suppress was granted in that case that he is entitled to relief under §1983 against the defendant Town.  The defendant Town of Greenwich was not a party to the action of the <u>United States of America vs. Terrence Henderson</u> and had no opportunity to litigate the issue of whether any action was unconstitutional.  Certainly the decision of the court in that case on the motion to suppress did not establish proof of the allegations of the plaintiff's complaint in *this* action.  The decision of the court in that case granting the motion to suppress did not establish that any violation of plaintiff's federal rights was attributable to the enforcement of a municipal policy or practice attributed to a municipal policymaker. Nor did the decision of the court on the motion to suppress establish that the plaintiff was unjustly singled out due to his race.   Reserving its rights, the Town notes that it is not necessary for this court to revisit or decide the impact of Judge Underhill's decision on the motion to suppress because there is no genuine dispute that

Greenwich as there is no evidence before the court which demonstrates that the plaintiff was unjustly singled out due to his race based on an existing, unconstitutional municipal policy attributed to a municipal policymaker. On the contrary, the affidavits and proof before the Court demonstrate the following:

- At the time of the arrest, the police officers involved in the stop, detention, investigation and arrest of the plaintiff did not have the status of policy makers for the Town of Greenwich nor for the Greenwich Police Department. Affidavit of Deputy Chief Pat Chila, **Exhibit A.**

- Neither the Town of Greenwich nor the Greenwich Police Department had a policy, custom or practice of unjustly singling out and/or stopping persons based on their ethnicity, nor a policy, custom or practice of suspecting persons because of their race. Affidavit of Deputy Chief Pat Chila, **Exhibit A**.

- Prior to, and at the time of the stop and arrest of the plaintiff, the Greenwich Police Department's official and written policy with respect to motor vehicle stops in particular did not permit racial profiling. Affidavit of Deputy Chief Pat Chila, **Exhibit A**.[2]

For the foregoing reasons, even assuming, *arguendo*, there was a constitutional deprivation, there is no genuine dispute that the defendant had no relevant existing, unconstitutional municipal policy attributed to a municipal policymaker that caused any deprivation. Therefore the Town is not liable under §1983 as a matter

---

the defendant is entitled to summary judgment for the reasons stated based on the documentary proof submitted.

[2] A copy of said policy, together with all records obtained by defendant concerning the incident, were disclosed to plaintiff while he was represented by counsel in the course of discovery. A copy of defendant's disclosure is attached as **Exhibit B**.

of law.

### III.  Punitive Damages Are Unavailable Against the Town

The plaintiff cannot claim punitive damages against the Town.  Even assuming the Town were not entitled to summary judgment on the merits, punitive damages are not recoverable against a municipality in a §1983 case.  <u>City of Newport v. Facts Concerts, Inc</u>., 453 U.S. 247 (1981).

For the foregoing reasons, the defendant Town of Greenwich's Motion for Summary Judgment should be granted.

                                        THE DEFENDANT
                                        TOWN OF GREENWICH

                                        By:_____
                                          Valerie Maze Keeney, Its Attorney
                                          Fed. Bar No. CT14080
                                          Town of Greenwich Law Dept.
                                          Town Hall, P.O. Box 2540
                                          Greenwich, CT 06836-2540
                                          Tele:(203) 622-7876
                                          Fax:(203)622-3816
                                          vmaze@greenwichct.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2006, a copy of the foregoing was mailed via first class, postage prepaid, mail to:

Mr. Terrence Henderson, Pro Se
5360 Broadway #7C
Bronx, NY 10463

                                                                                          _____
                                                                                          Valerie Maze Keeney