**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------------------------------------X
TERRENCE HENDERSON                  :   CIVIL ACTION NO:
                Plaintiff,          :   303CV665 (MRK)
                                    :
vs.                                 :
                                    :
                                    :
THE TOWN OF GREENWICH               :
                Defendant           :
-----------------------------------------------------------X   March  31, 2006
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56, the defendant Town of Greenwich files this memorandum of law in support of its objection to plaintiff's motion for summary judgment.

### I. LEGAL STANDARDS- MOTION FOR SUMMARY JUDGMENT

The requirements for granting summary judgment are well established.  There must be "no genuine issue as to any material fact," and a party must be "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  The burden is on the moving party "to demonstrate the absence of any material factual issue genuinely in dispute."  Schwabenbauer v. Board of Education, 667 F.2d 305, 313 (2d Cir. 1981); Heyman v. Commerce & Industry Insurance Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975).   A material fact is one that might affect the outcome of the suit under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding the motion for summary judgment, it is the court's function upon reviewing the

pleadings, depositions, answers to interrogatories, affidavits and other evidence on file to determine whether a trial should occur. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

    **II.    THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE PLAINTIFF OFFERS NO PROOF OF A MATERIAL CLAIM**

The plaintiff''s motion for summary judgment must be denied because plaintiff has not carried his burden to show the alleged violation of plaintiff's federal right is attributable to enforcement of a municipal policy or practice. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985). See, also, defendant's Memorandum of Law in Support of Summary Judgment dated March 31, 2006 at section II. The plaintiff's motion for summary judgment does not make any claim or offer proof of an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker. [1] [2] Even if plaintiff had made a material claim in his motion

---

[1] The only reference to a custom, policy or practice contained in the Amended Complaint dated October 24, 2005 ("the complaint") is a passing reference in the paragraph "Nature of the Case" in connection with "unjustly singling out the plaintiff due to his ethnicity." This allegation is not included in any of the plaintiff's *claims* in the complaint. Nor is such a claim made, or proof offered, in connection with plaintiff's motion for summary judgment. Even if the plaintiff had moved for summary judgment based on such an allegation and offered any proof, there would be a genuine dispute as to that allegation. See affidavit of Michael Macchia, **Exhibit A**.

[2] In his motion for summary judgment, plaintiff relies exclusively upon the proceedings and the court's decision on a motion to suppress in the case of United States of America vs. Terence Henderson, No. 3:02CR-29(SRU). Plaintiff apparently believes, erroneously, that because the motion to suppress was granted in that case that he has established a case under


for summary judgment, there would be a genuine dispute for the reasons stated, and proof offered, in connection with the defendant's motion for summary judgment.

Based on the foregoing, the plaintiff's motion for summary judgment must be denied.

>THE DEFENDANT
>TOWN OF GREENWICH
>
>By:_____
>  Valerie Maze Keeney, Its Attorney
>  Fed. Bar No. CT14080
>  Town of Greenwich Law Dept.
>  Town Hall, P.O. Box 2540
>  Greenwich, CT 06836-2540
>  Tele:(203) 622-7876
>  Fax:(203)622-3816
>  vmaze@greenwichct.org

---

§1983 against the defendant Town.  The defendant Town of Greenwich was not a party to the action of the United States of America vs. Terrence Henderson and had no opportunity to litigate the issue of whether any action was unconstitutional.  Certainly the decision of the court in that case on the motion to suppress did not establish proof of the multiple allegations of the plaintiff's complaint in *this* action.  The decision of the court in that case did not establish that any violation of plaintiff's federal rights was attributable to the enforcement of a municipal policy or practice attributed to a municipal policymaker. Nor did the decision of the court on the motion to suppress establish that the plaintiff was unjustly singled out due to his race.   Reserving its rights, the Town notes that it is not necessary for this court to revisit or decide the impact of Judge Underhill's decision on the motion to suppress because there is no genuine dispute that the plaintiff's motion for summary judgment must be denied based on the applicable law with respect to municipal liability under §1983 (and that defendant is entitled to summary judgment on its motion).

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2006, a true copy of the foregoing Motion for Summary Judgment was mailed via first class, postage prepaid, mail to:

Mr. Terrence Henderson, Pro Se
5360 Broadway #7C
Bronx, NY 10463

                                                Valerie Maze Keeney